IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00382-CV

 

Trail Enterprises, Inc. d/b/a 

Wilson Oil Company, THOMAS G.

ROGERS, CATHERINE BAUMANN, 

CAROLYN WHIPPLE, MRS. S. KELLEY

BRUCE, JOHN HOBBS KELLEY, MARY

VIRGINIA KELLEY INGRAM, DAYSTAR

OIL AND GAS CORPORATION, JOHN

ALEXANDER, REBECCA BRUCE JONES, 

ELEANOR BRUCE MCREYNOLDS, 

ROBERT D. BRUCE AND MARY BRUCE,

                                                                      Appellants

 v.

 

The City of Houston,

                                                                      Appellee

 

 



From the County Civil Court at
Law No. 1

Harris County, Texas

Trial Court No. 799234

 



abatement for mediation and

additional briefing ORDER










 

      A central issue in this appeal is whether
Appellant’s claims were ripe for adjudication.  The trial court determined that
they were not and dismissed the claims for want of jurisdiction.            This
appeal will be abated so that the parties may present additional briefing on
the effects, if any, of the Texas Supreme Court’s recent opinion in Hallco
Texas, Inc. v. McMullen County, No. 02-1176, Tex. LEXIS 1331 (Tex. Dec. 29,
2006), on Appellant’s issues raised on appeal. 

      This appeal will also be abated for
mediation pending additional briefing. 

      The Legislature has provided for the
resolution of disputes through alternative dispute resolution (ADR)
procedures.  See Tex. Civ. Prac.
& Rem. Code Ann. §§ 154.001-154.073 (Vernon 2005).  The policy
behind ADR is stated in the statute: “It is the policy of this state to
encourage the peaceable resolution of disputes . . . and the early settlement
of pending litigation through voluntary settlement procedures.”  Id. § 154.002 (Vernon 2005).  Mediation is a form of ADR.  Mediation is a mandatory
but non-binding settlement conference, conducted with the assistance of a
mediator.  Mediation is private, confidential, and privileged.

      We find that this appeal is appropriate
for mediation.  See id. § 154.021(a) (Vernon 2005); 10th Tex. App. (Waco) Loc. R. 9.

      The parties are ordered to confer and
attempt to agree upon a mediator.  Within fourteen days after the date of this
Order, Appellant is ordered to file a notice with the Clerk of this Court which
either identifies the agreed-upon mediator or states that the parties are
unable to agree upon a mediator.  If the notice states that the parties are
unable to agree upon a mediator, this Court will assign a mediator.

      Mediation must occur within thirty days
after the date the above-referenced notice agreeing to a mediator is filed or,
if no mediator is agreed upon, within thirty days after the date of the order
assigning a mediator.

      Before the first scheduled mediation
session, each party must provide the mediator and all other parties with an
information sheet setting forth the party’s positions about the issues that
need to be resolved.  At or before the first session, all parties must produce
all information necessary for the mediator to understand the issues presented. 
The mediator may require any party to supplement the information required by
this Order.

      Named parties must be present during the
entire mediation process, and each corporate party must be represented by a
corporate employee, officer, or agent with authority to bind the corporate
party to settlement.

      Immediately after mediation, the mediator
must advise this Court, in writing, only that the case did or did not settle
and the amount of the mediator’s fee paid by each party.  The mediator’s fees
will be taxed as costs.  Unless the mediator agrees to mediate without fee, the
mediator must negotiate a reasonable fee with the parties, and the parties must
each pay one-half of the agreed-upon fee directly to the mediator.

      Failure or refusal to attend the mediation
as scheduled may result in the imposition of sanctions, as permitted by law.  

      Any objection to this Order must be filed
with this Court and served upon all parties within ten days after the date of
this Order, or it is waived.

      Once the Court receives the mediator's
report, appropriate action will be taken.  If mediation does not result in
settlement, Appellant's supplemental briefing is due 30 days after the date of
the mediation.  Appellee's briefing is due 30 days after the date Appellant’s
supplemental brief is filed.

 

      The submission of this matter is set aside
and may be reinstated or reset at a later date. 

 

 

                                                               
PER CURIAM 

 

Before
Chief Justice Gray

    
Justice Vance and 

    
Justice Reyna 

Order
issued and filed January 17, 2007

Do
not publish